IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUNBELT WORKS, INC., § | |
|  Appellant, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-0692 |
| § | (Bankruptcy Case No. 05-37623) |
| RONALD J. SOMMERS, Chapter 7 § | |
| Trustee, *et al.*, § | |
|  Appellees. § | |

## MEMORANDUM AND ORDER

Sunbelt Works, Inc. ("Sunbelt") filed a Notice of Appeal from the February 12, 2007 Order of the United States Bankruptcy Court granting special litigation counsel's fifth interim application for fees ("February 12 Order"). Appellees Porter and Hedges, L.L.P. ("Porter & Hedges") and Strategic Capital Corporation ("SCC") filed a Motion to Dismiss Appeal [Doc. # 2], noting that the February 12 Order is not a final, appealable order. Sunbelt filed its Response [Doc. # 3], arguing that the February 12 Order is appealable and, alternatively, that the Court should permit Sunbelt to appeal the interlocutory order. Based on a review of the record and the applicable legal authorities, the Court denies leave to appeal the interlocutory February 12 Order and grants Appellees' Motion to Dismiss.

The February 12 Order is interlocutory. It grants an interim application for fees and authorizes the payment of those fees as a Chapter 7 administrative expense. It does not finally dispose of any issue in the case, except for the fifth interim application for fees, and the Bankruptcy Court would be free to reconsider its decision at any time while the proceeding remains pending. Consequently, there is no right to appeal from the interlocutory order. *See* 28 U.S.C. § 158(a)(1).

The Court may, in its discretion, grant leave to appeal an interlocutory order. *See* 28 U.S.C. § 158(a)(3). The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal under 28 U.S.C. § 158(a)(3), but it has recognized that many district courts use the standard applied under 28 U.S.C. § 1292(b) for interlocutory appeals to the various courts of appeals. *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). To be appealable under this standard, an interlocutory order of the bankruptcy court must involve a controlling issue of law upon which there is substantial ground for difference of opinion. *Id.* Additionally, the district court must find that an immediate appeal of the interlocutory order would materially advance the ultimate termination of the bankruptcy case. *Id.* The Court may also consider the interests of judicial economy and saving the parties' time and money. *See In re Southern Indus. Banking Corp.*, 70 B.R. 196, 200 (E.D. Tenn. 1986). "Allowing appeals from interlocutory orders that

involve considerations enmeshed in the merits of the dispute would waste judicial resources by requiring repetitive appellate review of substantive questions in the case." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 527-28 (1988).

The requested appeal in this case does not involve a controlling issue of law upon which there is substantial grounds for differing opinions. Instead, the appeal challenges an interim award of professional fees to be paid from funds that Sunbelt was required to repay as post-petition transfers, but that Sunbelt maintains are properly considered statutory construction trust funds not belonging to the bankruptcy estate and not recoverable as post-petition transfers. The threshhold issue – whether the funds belong to the bankruptcy estate – was addressed by the Bankruptcy Court and affirmed on appeal by this Court. *See Varela v. Sommers*, Civil Action No. 06-2477 [Doc. # 12]. The remaining issue – whether the bankruptcy trustee holds full title to the funds or only legal title – is currently before the Bankruptcy Court in Adversary Proceeding No. 07-3027 filed by Sunbelt on January 30, 2007. As a result, permitting the current appeal would not materially advance the ultimate termination of the bankruptcy case,

and would waste the limited resources of the parties and the judiciary.[1]  Accordingly, the Court denies leave to appeal pursuant to 28 U.S.C. § 158(a)(3), and it is hereby

**ORDERED** that Appellees' Motion to Dismiss [Doc. # 2] is **GRANTED** and this case is **DISMISSED**.

SIGNED at Houston, Texas, this **29th** day of **March, 2007**.

*[signature]*
Nancy F. Atlas
United States District Judge

---

[1] The Court concludes that there are no exceptional circumstances which would justify immediate review under the collateral order doctrine first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and discussed by the Fifth Circuit in *In re Delta Servs. Indus.*, 782 F.2d 1267 (5th Cir. 1986).